### F W WOOLWORTH CO v SHUTT

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff in error.

Morris Mendelssohn, Youngstown, and David Shermer, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

It is claimed in behalf of the defendant that prejudicial error resulted in several instances, as follows:

1. That the verdict and judgment of the lower court are not sustained by sufficient evidence.

2. That the verdict and judgment of the lower court are not sustained by any evidence.

3. Said verdict and judgment are contrary to law.

4. The trial court erred in refusing to direct a verdict for the defendant at the close of the testimony of the plaintiff and at the close of all the testimony.

It is thus observable that the matters complained of all relate to the evidence in the case as to how and why she fell, and whether negligence is sufficiently indicated by the evidence in the case.

The plaintiff was the only person who testified to having seen the candy upon the steps. Considerable evidence was offered by the defendant tending to show quite regular and systematic inspection of the

floors and stairways. The sole negligence complained of is the alleged presence of this piece of candy upon the step, which the plaintiff testifies caused her to fall. No claim of contributory negligence is made in this action.

It is not claimed or alleged that the defendant placed or caused this candy to be placed upon the stairway. It is essential to a right to recover on the part of the plaintiff that the defendant either have actual notice of the presence of this candy on the step, as claimed, or that it had remained there for such a length of time that notice of its existence and presence, as claimed on the part of the defendant, might be assumed.

Frank W. Daley testified that he was assistant manager for the defendant at the time of the accident and speaks of the manner and thoroughness of the inspection of the stairway, looking to the safety of customers thereon. The plaintiff testified that the assistant manager, Daley, came to her assistance, and she testifies that when he was so assisting her to arise that he said: "I told that janitor to clean that step before some one was hurt." This witness denies that he made any such statement to the plaintiff. If this testimony was true, it indicated that the assistant manager, whose authority to represent and speak for the defendant was not denied, had previous knowledge of this substance upon the step, and that he had told the janitor to clean it before some one was hurt. A reasonable construction of this statement is that he acquired such knowledge previous to the time of the accident and presumably early enough to have caused its removal by directing some one else to so do. As a matter of fact, under this declaration, assuming it to be true, no particular period of time need have intervened after he knew of this substance on the step, because it is wholly apparent that if the candy was upon the step he could easily have picked it up himself, and thus relieved instantly the stairway from the presence of this dangerous substance, or he could have remained upon the step until he called someone else to do it. If the candy was upon the step, reasonable care would require that it be immediately removed or passing customers be safe-guarded from it until such removal was accomplished. If the jury was entitled to believe this testimony, then the requirement of law as to notice of the existence of this condition came to the knowledge of the defendant sufficiently long enough before the accident and under such circumstances as to charge the defendant with notice.

Only two witnesses speak upon this subject, the plaintiff, as before stated, and Daley denying any such statement or knowledge on his part. Thus an issue of fact was developed between the plaintiff and this witness. The truth or falsity of the testimony of the plaintiff was for the determination of the jury. The jury found in favor of the plaintiff, evidently believing her testimony and not the testimony of Mr. Daley. Each of these witnesses was to some extent interested, the plaintiff in maintaining her cause of action, and Daley as manager of the company and so interested therein. The issue in this case is narrowed, in the opinion of this court, to this single proposition testified to by these two persons. It was the province of the jury to determine what the fact was and who was telling the truth. The verdict of the jury indicates its belief in the testimony of the plaintiff. This court is not able to say that the verdict of the jury rendered theron was against the decided or manifest weight of the evidence. The conclusion is therefore reached that the judgment of the lower court should be and is affirmed.

Judgment affirmed.

LYNCH and SMITH, JJ, concur in the judgment.